**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| JOSE L. HERMOSILLO, | CASE NO. 10cv00090-WQH (MDD) |
|---|---|
| Petitioner, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: THE PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| LARRY SMALL, Warden | |
| Respondent. | [Doc. No. 22.] |

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**I. Introduction**

Jose L. Hermosillo (hereinafter "Petitioner") is a state prisoner serving a sentence of forty-five years to life for child molestation. On January 12, 2010, Petitioner, proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus (hereinafter "Petition") with the Court under 28 U.S.C. § 2254. [Doc. No. 1]. The Petition asserts nine grounds for relief. [*Id.*]. Petitioner raised the first seven grounds on direct appeal in state court and the remaining two grounds in state habeas corpus proceedings. Respondent's Answer concedes that the Petition was

timely and that all grounds are properly exhausted. [Doc. No. 11]. Petitioner filed a Traverse on August 30, 2010. [Doc. No. 16].

After considering the documents presented, and for the reasons stated below, the Court **RECOMMENDS** that the Petition be **DENIED**.

## II. Procedural History

On September 1, 2004, a jury convicted Petitioner of four counts of indecent exposure, six counts of child molestation, two counts of lewd acts on a child with "One Strike" allegations attached[1], three counts of forcible lewd acts on a child with One Strike allegations attached, and one count each of false imprisonment and attempted forcible lewd acts on a child. [Lodgement 7 at 1-2]. Petitioner's motion for a new trial based on a claim of mistaken identity and new evidence was denied. [Lodgment 2, Vol. 10 at 1371, ll. 16-20]. The trial court sentenced Petitioner to forty-five years to life, consisting of three consecutive fifteen years to life terms imposed on one count of lewd acts on a child and two counts of forcible lewd acts on a child. [Lodgment 7 at 2]. Sentences on all other convictions were imposed concurrently or stayed. [Lodgment 7 at 2].

The California Court of Appeal (hereinafter "Court of Appeal") affirmed the judgment in an unpublished opinion filed November 28, 2006. [Lodgment 7]. The California Supreme Court denied the Petition for Review on March 14, 2007. [Lodgment 9]. The United States Supreme Court denied the Petition for Writ of Certiorari on October 1, 2007, *Hermosillo v. California,* 552 U.S. 884 (2007), concluding Petitioner's direct appeals.

Petitioner subsequently filed a Petition for Writ of Habeas Corpus in San Diego County Superior Court. The state petition asserted two grounds for relief based on ineffective assistance of counsel and prosecutorial misconduct. [Lodgment 11 at 3-4]. The San Diego County Superior Court denied the petition on November 20, 2008. [Lodgment 12]. The Court of Appeal and California Supreme Court denied Petitioner's ensuing habeas corpus petitions on February 19, 2009 and December 2, 2009 respectively, [Doc. No. 1 at

---

[1]California's One Strike Law, Penal Code § 667.61, provides fifteen years to life and twenty-five years to life sentences for conviction of a sex related offense under qualifying circumstances.

4], concluding Petitioner's state habeas corpus proceedings.  Petitioner filed this federal petition on January 12, 2010. [Doc. No. 1].

### III. Standard of Review

Federal courts may only grant a petition for habeas corpus relief based on grounds reviewed on the merits in state court when the state court's decision: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2010); *Harrington v. Richter*, 562 U.S. ___, ___ (2011), 131 S. Ct. 770, 785.  The first prong applies both to questions of law and to mixed questions of law and fact. *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000).  The second prong applies to decisions based on factual determinations. *Miller-El v. Cockell*, 537 U.S. 322, 340 (2003).  This deferential standard found in 28 U.S.C. § 2254(d) sees federal courts review state prisoner habeas corpus petitions based on the soundness of prior state court decisions on the merits rather than the soundness of the underlying conviction directly.

A state court decision is only "contrary to" Supreme Court authority under § 2254(d)(1) if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.

A state court decision is an "unreasonable application of" Supreme Court authority under § 2254(d)(1) if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Williams* at 413.  Federal courts may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather the

application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340. A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not suffice. *Miller-El* at 340.

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340.

In reviewing prior state court decisions, the Court looks to the last reasoned state court decision as the basis for the state court judgment. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). In this case, the last reasoned opinions are those of the Court of Appeal from November 28, 2006 and February 19, 2009 concerning Petitioner's direct appeal and state habeas corpus proceedings respectively. The Court reviews these decisions to determine whether they are "contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. 2254(d)(1).

## IV. Discussion

Petitioner's nine grounds for relief are as follows:

(1) his Sixth Amendment right to present a defense was violated when the trial court sustained an objection to a portion of defense counsel's closing argument contending that a witness's failure to notice tattoos on Petitioner's arms suggested misidentification;

(2) his Fourteenth Amendment right to due process was violated when the trial court denied his motion for a physical lineup;

(3) his Fourteenth Amendment right to due process was violated when the trial court refused to disclose the denial of his motion for a physical lineup to the jury;

(4) his Fourteenth Amendment right to due process was violated when the prosecutor argued that an alibi lacked credibility after the prosecutor objected to the admission of hearsay evidence allegedly corroborating the witness's testimony;

(5) his Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to object to "double hearsay" evidence;

(6) his Fourteenth Amendment right to due process and Sixth Amendment rights were violated when the trial court denied his Motion for a New Trial;

(7) his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court sentenced him to multiple indeterminate life terms;

(8) his Sixth Amendment right to effective assistance of counsel was violated when defense counsel failed to investigate potential alibi witnesses; and

(9) his Fourteenth Amendment right to due process and Sixth Amendment right to effective assistance of counsel were violated when defense counsel failed to request a jury admonition after the prosecutor asked a question touching on inadmissible gang affiliation evidence while cross-examining Petitioner.

The Court first considers Petitioner's ineffective assistance of counsel grounds, then considers his due process grounds and concludes by considering his remaining grounds for relief.

**A. Ineffective Assistance of Counsel (Grounds 5, 8, 9)**

The Sixth Amendment to the U.S. Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to . . . assistance of counsel for his defense." U.S. Const. Amend. VI.  The Supreme Court recognizes that "the right to counsel is the right to the effective assistance of counsel."  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).  A petitioner seeking relief based on ineffective assistance of counsel must demonstrate: (1) that counsel's performance was constitutionally deficient; and, (2) that counsel's deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Premo v. Moore*, 131 S. Ct. 733, 739 (2011).  A petitioner has the burden of proving both prongs of a *Strickland* claim for ineffective assistance of counsel. *Strickland* at 687; *Harrington*, 131 S. Ct. at 787.

Representation is constitutionally deficient when it falls below "an objective

standard of reasonableness." *Harrington* at 787.  Courts "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance," and a petitioner must show "that counsel's errors were so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

Prejudice results from deficient performance of counsel when there is a "reasonable probability" that the result of the trial would have been different had counsel performed competently.  *Strickland,* 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  "Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington*, 131 S. Ct. at 787-88.

When reviewing state court decisions on ineffective assistance of counsel claims, federal courts employ the "highly deferential" standards of 28 U.S.C. § 2254(d) on top of the "highly deferential" standards articulated in *Strickland*.  466 U.S. at 788.  This "doubly deferential judicial review" requires the Court to ask not whether the state court's *Strickland* decision is incorrect, but whether the state court's decision is unreasonable.  *Knowles v. Mirzayance*, 556 U.S. 111 (2009).

### 1. Defense Counsel's Failure to Object to License Plate Testimony Did Not Constitute Ineffective Assistance of Counsel (Ground 5)

On direct appeal**,** Petitioner contended that defense counsel's failure to object to alleged hearsay testimony during trial constituted ineffective assistance of counsel.  [Lodgment 7 at 17].  Ashley P. was one of the victims Petitioner was convicted of molesting.  [Lodgment 7 at 3].  She testified at trial that on December 9, 2001, when she was fourteen years old, she was in a 7-Eleven store when she felt someone squeeze her bottom.  [Lodgment 7 at 3-4].  After realizing that Petitioner had touched her, Ashley's friend read the license plate number on Petitioner's car out loud while Ashley wrote it down on a piece of paper.  [*Id.*].  Ashley gave the note containing the license plate number to police, and identified Petitioner in a photographic lineup.  [*Id.*].  Petitioner contended that

defense counsel should have objected to the note's admission as hearsay and that the failure to object constituted ineffective assistance of counsel. [*Id.* at 17].

The Court of Appeal held that Petitioner failed to establish the necessary prejudice for a valid ineffective assistance of counsel claim. [Lodgment 7 at 17]. While Petitioner now contends that the note constituted the sole evidence linking him to the scene, the Court of Appeal relied on Petitioner's admission to police that he had been at the 7-11 with the car during the incident. [*Id.* at 18]. Without a showing of prejudice, an ineffective assistance of counsel claim fails regardless of whether counsel's performance was actually deficient. *Strickland* 466 U.S. at 697. The Court of Appeal's holding is not contrary to nor an unreasonable application of clearly established federal law. *Harrington*, 131 S. Ct. 785.

Accordingly, the Petition for relief should be **DENIED** on this ground.

**2. Defense Counsel's Failure to Investigate Potential Alibi Witnesses Did Not Constitute Ineffective Assistance of Counsel (Ground 8)**

In his state habeas corpus proceedings, Petitioner contended that defense counsel's failure to investigate potential alibi witnesses constituted ineffective assistance of counsel. [Lodgment 14 at 1]. In his state petition, Petitioner identified these potential alibi witnesses as "Danny, Juan, Adrian and Shelly." [Lodgment 13]. In denying the petition, the Court of Appeal held that Petitioner did not "explain who they are and how they could have aided in his defense. The claim is without any evidentiary support." [Lodgment 14 at 1]. Petitioner restates the claim here. [Doc. No. 1-1 at 33-34].

The Court of Appeal's holding that Petitioner had not demonstrated deficient performance of counsel is not contrary to or an unreasonable application of federal law. Petitioner did not offer any information about who "Danny, Juan, Adrian and Shelly" are, or that they could testify to a credible alibi defense. [Lodgment 14 at 1]. The burden rests on Petitioner to make out a valid ineffective assistance of counsel claim. *Harrington* at 787. As the Court of Appeal concluded, defense counsel's performance was not deficient absent

additional information about credible alibi witnesses[2]. An attorney may limit investigation of potential witnesses based on the information provided by a client. *Strickland* at 691. An attorney's decision not to interview potential witnesses is not ineffective assistance of counsel if that decision is made in the exercise of professional judgment. *See Griffin v. West*, 791 F. 2d 1578, 1580 (10th Cir. 1986). In the absence of identifying information of the alleged alibi witnesses and reason to believe any witnesses possessed alibi testimony, the Court of Appeal's holding that Petitioner failed to meet his burden in claiming ineffective assistance of counsel at trial is not contrary to or an unreasonable application of federal law. *Harrington*, 131 S. Ct. at 785.

Accordingly, the Petition for relief should be **DENIED** on this ground.

### 3. Defense Counsel's Failure to Seek an Admonition Is Not Ineffective Assistance of Counsel (Ground 9)

In his state habeas corpus proceedings, Petitioner contended that defense counsel's failure to seek an admonition, following a successful relevancy objection to the prosecutor's question as to his alleged gang affiliation, constituted ineffective assistance of counsel. [Lodgment 14 at 1-2]. During the cross-examination of Petitioner, the prosecutor asked whether Petitioner was affiliated with a gang. [Lodgment 2, Vol. 5 at 1104]. Defense counsel's relevancy objection was sustained, and the prosecutor moved on. [*Id.*]. Petitioner did not answer the question. [*Id.*]. Defense counsel did not request the court admonish the jury to disregard the prosecutor's question. [*Id.*]. The Court of Appeal held that defense counsel's actions were neither constitutionally deficient nor demonstrably prejudicial under *Strickland*. [Lodgment 14 at 1-2]. The Court of Appeal noted that seeking an admonition could serve "to highlight Hermosillo's possible gang involvement" to the jury. [*Id.* 1-2]. And the Court of Appeal concluded that "Hermosillo has not shown he would have

---

[2] A declaration by Adrian Rodarte was submitted along with Petitioner's subsequent state habeas corpus petition to the California Supreme Court, providing an alibi for Petitioner on January 31, 2002. [Lodgment 15]. However, Petitioner was not convicted for any offenses committed on January 31, 2002. [Doc. No. 11-1 at 8].

1  achieved a better outcome absent any alleged errors by defense counsel." [*Id.* at 2].

2  The Court of Appeal's decision is not contrary to or an unreasonable application of clearly established federal law. Defense counsel's failure to request an admonition falls within the "wide range of reasonable professional assistance" to which courts defer when considering a claim for ineffective assistance of counsel. *Harrington*, 131 S. Ct. at 787. As referred to by the Court of Appeal, counsel may have concluded that seeking an admonition would serve to draw the jury's attention to Petitioner's possible gang affiliation. [Lodgment 14 at 1-2]. By allowing the course of questioning to move on without further comment, defense counsel may have better served Petitioner. Allowing the jury to disregard a question may prove more effective than instructing the jury to disregard a question. Defense counsel could conclude as much while providing constitutionally sufficient representation within the "wide range of reasonable professional assistance" falling short of constitutionally ineffective assistance of counsel. *Harrington*, 131 S. Ct. at 787.

Accordingly, the Petition for relief should be **DENIED** on this ground.

**B. Due Process (Grounds 1, 2, 3)**

The Fourteenth Amendment to the U.S. Constitution prohibits a state from "depriv[ing] any person of life, liberty or property without due process of law." U.S. Const. Amend. XIV, § 1. In state criminal proceedings, the federal Due Process Clause "guarantees the fundamental elements of fairness." *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967). Beyond the enumerated protections contained in the Bill of Rights, however, "the Due Process Clause has limited operation" and violations of fundamental fairness have been "very narrowly" defined. *Dowling v. United States*, 493 U.S. 342, 352 (1990). State court proceedings normally do not offend the Due Process Clause unless they offend "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Patterson v. New York*, 432 U.S. 197, 201-02 (1977).

**1. Trial Court Preventing Defense Counsel From Arguing Misidentification Based on Hand Tattoo Evidence Did Not Violate**

**Petitioner's Due Process Rights (Ground 1)**

On direct appeal, Petitioner contended that the trial court violated his due process rights by refusing to permit defense counsel to argue that the failure of one of the victims, Lucy R., to notice a tattoo on Petitioner's hand evidenced misidentification. [Lodgment 7 at 7-9]. During trial, Petitioner showed tattoos on his arms and left hand to the jury pursuant to a motion in limine. [*Id.* at 7]. While other witnesses were asked whether they had noticed tattoos on Petitioner's arms, Lucy R. was never asked about tattoos on Petitioner's arm or hand. [*Id.*]. During closing argument, the trial court sustained the prosecutor's objection to defense counsel's argument that this was evidence of misidentification. [*Id.*]. Petitioner contended that the trial court's ruling violated his constitutional rights by preventing his counsel from arguing the evidence to the jury. [*Id.* at 7-8]. The Court of Appeal held that because Lucy R. had not been asked whether she noticed a tattoo on Petitioner's hand, an argument based on what she may or may not have seen was unsupported by the evidence. [*Id.* at 8-9].

Petitioner has not stated a violation of his federal constitutional rights. The Court of Appeal concluded "[d]efense counsel was misstating the record and attempting to draw inferences that were not supported by the evidence." [Lodgment 7 at 9]. In rejecting Petitioner's claim, the Court of Appeal relied exclusively on California law as articulated in *Malkasian v. Irwin*, 61 Cal. 2d 738, 747 (1964). [*Id.*]. "[F]ederal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and any error based on these grounds is not cognizable in federal court. Nor did the trial court's refusal to permit defense counsel's argument as to Lucy R. infringe on the "fundamental elements of fairness" guaranteed by the Due Process Clause. *Spencer* 385 U.S. at 563-64.

Accordingly, the Petition for relief should be **DENIED** on this ground.

**2. Trial Court's Denial of Petitioner's Motion for a Live Lineup Did Not Violate Petitioner's Due Process Rights (Ground 2)**

On direct appeal, Petitioner contended that the trial court's denial of his motion for

a physical lineup violated his due process rights. [Lodgment 7 at 9-10]. California law permits an accused to compel a physical lineup when identification is a material issue and a reasonable likelihood of a mistaken identification exists. *Evans v. Superior Court*, 11 Cal.3d 617, 625 (1974). However, there is no federal constitutional right to a live lineup. *United States v. Robertson*, 606 F.2d 853, 857( 9th Cir. 1979). In the absence of any recognized federal law on the right to a physical lineup, the Court of Appeal's decision cannot be contrary to or involve and unreasonable application of federal law. *Harrington*, 131 S. Ct. at 785.

Accordingly, the Petition for relief should be **DENIED** on this ground.

### 3. Trial Court's Refusal to Inform the Jury of the Denial of Motion for a Live Lineup Did Not Violate Petitioner's Due Process Rights (Ground 3)

On direct appeal, Petitioner contended that the trial court's refusal to inform the jury about the denial of his motion for a physical lineup violated his due process rights. [Lodgment 7 at 10-11]. The Court of Appeal held that the denial of the motion for a physical lineup was not relevant evidence and that the trial court did not abuse its discretion in refusing to inform the jury of the motion. [*Id.* at 11].

Errors in the admission or exclusion of evidence are generally not a basis for federal habeas corpus relief. *Charlton v. Kelly*, 229 U.S. 447, 457 (1913). Only when an evidentiary decision "create[s] an absence of fundamental fairness that fatally infect[s] the trial" will a petitioner be entitled to habeas relief. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 897 (9th Cir. 1996).

The Court of Appeal's decision is not contrary to or an unreasonable application of clearly established federal law. The outcome of an *Evan*s motion is not itself evidence tending to prove a fact in dispute. *See* 11 Cal. 3d 617 (1974). Because *Evans* concerns California law, federal habeas corpus review is limited. *Patterson* at 201-02. The trial court's refusal to inform the jury about the motion's denial does not create an "absence of fundamental fairness that fatally infect[s] the trial." *Ortiz-Sandoval* at 897. The Court of

1  Appeal's determination is neither contrary to nor an unreasonable application of clearly
2  established federal law. *Harrington*, 131 S. Ct. at 785.

3  Accordingly, the Petition for relief should be **DENIED** on this ground.

4  **C. Remaining Grounds (Grounds 4, 6, 7)**

5  Petitioner's three remaining grounds for relief are made under differing
6  constitutional provisions.

7  **1. Petitioner's Claim of Prosecutorial Misconduct is Procedurally**
8  **Defaulted (Ground 4)**

9  On direct appeal, Petitioner contended that the prosecutor committed misconduct by
10 commenting on the credibility of an alibi witness after having successfully excluded as
11 hearsay a calendar purporting to support the alibi witness's account. [Lodgment 7 at 12]

12 At trial, the defense called Petitioner's sister, Jenny Coronel, as an alibi witness.
13 [Doc. No. 1-1 at 21]. Coronel testified that Petitioner spent January 9, 2002, the date on
14 which offenses involving Adilene M., Edith G., Taylor M., and Lucy R occurred, at her
15 home. [Lodgment 7 at 4-5, 12]. Evidence that Coronel had postponed a doctor's
16 appointment on January 9th, in the form of a document from the doctor's office mentioning
17 an appointment on January 9th and Coronel's testimony about changing the appointment
18 time on that date, was ruled partly inadmissible as hearsay by the trial court. [*Id.* at 12]. The
19 trial court permitted limited testimony of the document while barring Coronel from
20 volunteering testimony about conversations she had with the doctor's office regarding the
21 appointment time. [*Id.* at 12-13]. The prosecutor was permitted to comment on the absence
22 of a change in Coronel's appointment time from the document itself. [*Id.*]. The prosecutor
23 successfully objected when Coronel twice attempted to refer to conversations she had with
24 the doctor's office during cross examination. [*Id.* at 13-14]. The prosecutor subsequently
25 commented on the credibility of Coronel's testimony during closing argument. [*Id.* at 15-
26 17]. Petitioner contends this amounts to prosecutorial misconduct, depriving him of his due
27 process rights. [Doc. No. 1-1 at 21-24].

28

1    The Court of Appeal held that Petitioner's claims were barred on direct appeal under
2 California's contemporary objection rule and that no prosecutorial misconduct occurred.
3 [Lodgment 7 at 14-17].  California requires claims of prosecutorial misconduct be preserved
4 for appeal by a timely objection at trial and a request for an admonition.  *People v. Frye*, 18
5 Cal.4th 894, 970 (1998), *overruled on other grounds by People v. Keith Zon Doolin*, 45 Cal.
6 4th 390, 421 (2009).  Defense counsel did not try to claim prosecutorial misconduct during
7 Coronel's cross examination or at any time during trial.  [Lodgment 7 at 14].

8    Federal courts "will not review a question of federal law decided by a state court if
9 the decision of that court rests on a state law ground that is independent of the federal
10 question and adequate to support the judgment."  *Coleman v. Thompson*, 501 U.S. 722, 729
11 (1991).  "When a federal habeas court releases a prisoner held pursuant to a state court
12 judgment that rests on an independent and adequate state ground, it renders ineffective the
13 state rule."  *Id.* at 730.  This rule applies when a petitioner fails to meet state procedural
14 requirements that bar relief in state court resulting in a procedural default of the state
15 prisoner's ground for relief in federal habeas review.  *Id.* at 729-30.  A state prisoner's
16 defaulted grounds are barred unless a petitioner can "demonstrate cause for the default and
17 actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure
18 to consider the ground for relief will result in a fundamental miscarriage of justice."  *Id.* at
19 750.

20    Petitioner's failure to make a contemporaneous objection of prosecutorial
21 misconduct at trial procedurally defaults this ground for relief here.  *See Rich v. Calderon*,
22 187 F.3d 1064, 1069-70 (9th Cir. 1999).  The Court of Appeal denied Petitioner's
23 corresponding claim during his direct appeal because no objection was made at trial to
24 preserve the claim for appeal.  [Lodgment 7 at 14-15].  Petitioner has not asserted cause and
25 prejudice to excuse this procedural default.  Nor has Petitioner demonstrated that a
26 fundamental miscarriage of justice will result from declining to reach the merits of this
27 ground here.  The Court finds that California's contemporary objection rule bars relief on
28

1 this ground in federal habeas corpus proceedings. *Rich* at 1069-70.

2 Accordingly, the Petition for relief should be **DENIED** on this ground.

### 2. Trial Court's Denial of Petitioner's Motion for a New Trial Did Not Violate Petitioner's Right to Present a Meaningful Defense (Ground 6)

On direct appeal, Petitioner contended that the denial of his motion for a new trial violated his due process rights and his right to confrontation under the Sixth Amendment. [Lodgment 7 at 18-21]. Petitioner's new trial motion based on new evidence under California Penal Code § 1181(8) argued that his step-brother, Roberto Hermosillo, committed the crimes for which Petitioner was convicted. [*Id.* at 18]. Petitioner's motion was accompanied by declarations from family members asserting that Roberto Hermosillo's hair color more closely matched one victim's description of the perpetrator's hair color, Roberto Hermosillo had access to the car driven by Petitioner linked to the offenses, and Roberto Hermosillo had a history of lewd conduct with a minor six years before the offenses for which Petitioner was convicted occurred. [*Id.* at 18]. Petitioner contended that this amounted to "powerful evidence that Roberto and not [Petitioner] is responsible for the conduct charged in this case." [*Id.* at 18]. The Court of Appeal held that "any similarities between the actions of the two Hermosillo brothers were not strong enough to render a different result probable on retrial." [*Id.* at 21]. Petitioner was linked to the offenses for which he was convicted by eyewitness identifications and DNA evidence. [*Id.* at 19-20].

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (internal quotations omitted). "This right is abridged by evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve." *Id.* (internal quotations omitted). In *Holmes*, a South Carolina procedural rule barred the admission of defense evidence of third party guilt based on the strength of the prosecution's case without

considering the probative value of the defense's evidence. *Id.* at 329. The defense's evidence of third party guilt consisted of witnesses placing the third party around the crime scene at the relevant time, testifying to the third party's statements admitting to the crime, and testifying about prosecutorial efforts to secure false testimony and manufacture evidence. *Id.* at 323. The Supreme Court unanimously reversed South Carolina's rule excluding such evidence without considering its probative value. *Id.* at 331.

The Court of Appeal's decision is not contrary to or an unreasonable application of clearly established federal law. Unlike in *Holmes*, the trial court considered Petitioner's evidence produced as part of his motion for a new trial alongside the evidence produced at trial before denying Petitioner's motion. [Lodgment 7 at 19-20]. The Court of Appeal incorporated the rationale of the trial court in concluding that the newly offered evidence was not strong enough to affect the outcome at trial. [*Id.* at 18-21]. And Petitioner's evidence of third party guilt is not as strong as the evidence of third party guilt offered in *Holmes*. Evidence that Roberto Hermosillo's hair color more closely matched that of the described perpetrator was offset by one witness's testimony as to Petitioner's hair color at the time of the offense. [*Id.* at 19]. Petitioner's DNA was also found on that witness. [*Id.*] Evidence that Roberto Hermosillo had access to the car linked to the offenses was offset by Petitioner's admission to using the car exclusively. [*Id.*] And evidence of Roberto Hermosillo's previous incident of lewd acts on a child was offset by aggregate weight of all evidence linking Petitioner to the offenses charged. [*Id.* at 19-20]. Instead of providing "powerful evidence" of third party guilt, Petitioner's evidence more closely resembles the kind of "repetitive . . . only marginally relevant" evidence that poses "an undue risk of harassment, prejudice, or confusion of the issues" which the U.S. Constitution permits courts to exclude. *Holmes* at 326-27.

Considering Petitioner's fair opportunity to present a defense, the consideration given to the merits of the evidence accompanying his motion for a new trial, and the deficiency of Petitioner's evidence of third party guilt when considered against the evidence

produced at trial, the Court of Appeal's decision denying Petitioner's motion for a new trial is not contrary to or an unreasonable application of federal law. *Harrington*, 131 S. Ct. at 785.

Accordingly, the Petition for relief should be **DENIED** on this ground.

### 3. Trial Court Sentencing Petitioner to Multiple Life Sentences Did Not Violate Due Process, Double Jeopardy or Cruel and Unusual Punishment Clauses (Ground 7)

On direct appeal, Petitioner contended that his sentence to three consecutive indeterminate life terms violated the Double Jeopardy Clause of the U.S. Constitution and the Cruel and Unusual Punishment Clauses of the U.S. and California constitutions. [Lodgment 7 at 25]. Petitioner contended that "Double one strike punishment for two lewd act convictions, where a second conviction is used to increase the punishment for a first conviction from a determinate term and then the first conviction is used to increase the punishment for a second conviction from a determinate sentence to an indeterminate term" violated both state and federal constitutional guarantees. [*Id.*]. The Court of Appeal held that Petitioner had not demonstrated that his sentence was cruel or unusual under the U.S. Constitution and that the sentence did not violate the double jeopardy clauses of the U.S. or California constitutions. [*Id.* at 25-27]. This Court considers Petitioner's claims under the U.S. Constitution's guarantees against cruel and unusual punishment and double jeopardy.

#### a. Petitioner's Sentence Does Not Violate the Cruel and Unusual Punishment Clause

The Supreme Court has acknowledged that "our precedents [on cruel and unusual punishment] have not been a model of clarity" in determining what constitutes "clearly established federal law" for the purposes of 28 U.S.C. § 2254(d)(1). *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). However, "one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Id.* at 72. As the last relevant Supreme Court case decided

1  before the Court of Appeal affirmed Petitioner's conviction, *Lockyer v. Andrade* constitutes

2  "clearly established federal law" for purposes of reviewing this Petition. *See Norris v.*

3  *Morgan*, 622 F.3d 1276, 1286-87 (9th Cir. 2010).

4       Leandro Andrade was convicted of stealing video tapes worth approximately $150.

5  *Andrade*, 538 U.S. at 66. His petty theft conviction when paired with a prior theft conviction

6  elevated his offence to a felony, and a jury found that Andrade had previously been

7  convicted of three counts of residential burglary. *Id.* at 68. The trial court sentenced

8  Andrade to two consecutive sentences of twenty-five years to life. *Id.* at 74.

9       The Supreme Court reversed the Ninth Circuit decision granting Andrade's habeas

10  corpus petition. 538 U.S. at 77. In doing so, the Supreme Court concluded that the state

11  appellate court's consideration of the length of the sentence, the availability of parole, the

12  severity of the offense, and the impact of recidivism were not contrary to clearly established

13  federal law. *Id.* at 73-74.

14       In this case, the Court of Appeal's decision is not contrary to or an unreasonable

15  application of clearly established federal law. The court concluded that Petitioner "simply

16  has not shown or provided any persuasive authority" to support the claim that his sentence

17  was grossly disproportionate to the severity of his crime. [Lodgment 7 at 26]. In

18  considering the merits of his claim, the court relied on *Ewing v. California*, 538 U.S. 11

19  (2003), and *Andrade* to hold that Petitioner's indeterminate life sentence did not violate the

20  Eighth Amendment in light of the legislature's goal to severely punish offenders who

21  commit lewd acts on multiple child victims. [Lodgment 7 at 26-27]. The court noted that

22  Petitioner targeted several young female victims and that the severity of Petitioner's criminal

23  acts escalated over a five month period. [Lodgment 7 at 25]. In relying on *Andrade* and

24  *Ewing*, and noting the severity of Petitioner's offenses and multiple victims involved, the

25  Court of Appeal's decision is not contrary to or an unreasonable application of clearly

26  established federal law. *Harrington*, 131 S. Ct. at 785.

27                   **b. Petitioner's Sentence Does Not Violate the Double Jeopardy**

28

**Clause**

Nor is the Court of Appeal's decision contrary to clearly established federal double jeopardy law. Petitioner was sentenced to three fifteen years to life sentences under California Penal Code § 667.61(b), (c), and (e). [Lodgment 7 at 1-2]. Subsection (b) provides for a sentence of fifteen years to life for persons convicted of certain offenses in subsection (c), where certain circumstances in subsection (e) are present. Cal. Pen. Code § 667.61 (Deering 2011) Subsection (c) provides lewd or lascivious acts as offenses eligible for sentencing under subsection (b). *Id.* Subsection (e) provides that a conviction for a subsection (c) offense against multiple victims is a circumstance for subsection (b) purposes. *Id.* Petitioner's sentence was based on one count of lewd acts on a child and two counts of forcible lewd acts on a child, subsection (c) offenses eligible for subsection (b) sentencing. [Lodgment 7 at 1-2]. His convictions against multiple victims – Luz L., Lucy R., and Zuri T. – were used as subsection (e) circumstances, thus permitting the imposition of three fifteen years to life sentences. [*Id.* at 1-6].

Double jeopardy protections do not apply to sentencing proceedings outside of capital cases. *Monge v. California,* 524 U.S. 721, 728 (1998). "Historically, we have found double jeopardy protections inapplicable to sentencing proceedings, because the determinations at issue do not place a defendant in jeopardy for an 'offense.'" *Id.*; *see United States v. Blanton*, 476 F.3d 767, 772 (9th Cir. 2007) (considering *Monge*'s forcefulness following *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). In this case, Petitioner's sentence derives from his convictions for lewd acts and a forcible lewd act on a child. [Lodgment 7 at 2]. All three offenses were pled and tried in the same trial. The three offenses involve three separate acts, against three separate victims, occurring in three successive months. [*Id.* at 4-6]. The use of one lewd act offense as a circumstance to permit more severe One Strike punishment under § 667.61 is a matter of sentencing, and does not offend the principles of double jeopardy. *Monge* at 728. The Court of Appeal's decision is not contrary to or an unreasonable application of clearly established federal law. *Harrington*,

131 S. Ct. at 785.

Accordingly, the Petition for relief should be **DENIED** on this ground.

### V. Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered denying the Petition and dismissing this action.

This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any party may filed written objections with the court and serve a copy on all parties by **December 22, 2011**. The document shall be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **January 12, 2012**. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: December 1, 2011

Hon. Mitchell D. Dembin
**U.S. Magistrate Judge**