**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE HERMOSILLO, JR., <br><br> Petitioner, <br> vs. <br> MATTHEW CATE, Warden, <br><br> Respondent. | CASE NO. 10cv0090 WQH (MDD) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus filed by Petitioner be denied. (ECF No. 22).

**BACKGROUND**

On January 12, 2010, Petitioner Jose Hermosillo, Jr. filed a Petition for Writ of Habeas Corpus asserting nine grounds for relief stemming from his 2009 conviction in San Diego Superior Court for child molestation. (ECF No. 1). On June 17, 2010, Respondent filed an Answer. (ECF No. 11). On August 30, 2010, Petitioner filed a Traverse. (ECF No. 16).

On December 1, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied. (ECF No. 22). On February 24, 2012, Petitioner filed objections to the Report and Recommendation that mirror the arguments asserted in his Petition and Traverse. On February 24, 2012, Petitioner also filed a Motion for Certificate of Appealability. (ECF Nos. 28, 30).

**DISCUSSION**

**I.     Review of the Report and Recommendation**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). This Court has reviewed the Report and Recommendation and the record in its entirety.

The Magistrate Judge correctly stated that federal courts may only grant a petition for habeas corpus relief based on grounds reviewed on the merits in state court when the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or when the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (ECF No. 22 at 3). Regarding Petitioner's grounds for relief based on due process violations (grounds one, two, and three), the Magistrate Judge correctly concluded that no due process violation resulted from the trial court preventing defense counsel from arguing misidentification based on hand tattoo evidence, the trial court's denial of Petitioner's motion for a live lineup, or the trial court's refusal to inform the jury about the denial of the motion for a live lineup. *Id.* at 9-12. The Magistrate Judge correctly found that Petitioner's fourth ground for relief based on prosecutorial misconduct is procedurally defaulted due to "Petitioner's failure to make a contemporaneous objection of prosecutorial misconduct at trial...." *Id.* at 13. The Magistrate Judge correctly concluded that the trial court's denial of Petitioner's motion for a new trial did not violate Petitioner's right

to present a meaningful defense, as alleged in Petitioner's sixth grounds for relief. *Id.* at 14-16. The Magistrate Judge correctly concluded that Petitioner's sentence in state court to multiple life sentences did not violate due process, double jeopardy, or the Eighth Amendment, as alleged in Petitioner's seventh grounds for relief. *Id.* at 16-19. Regarding Petitioner's grounds for relief based on ineffective assistance of counsel (grounds five, eight, and nine), the Magistrate Judge correctly concluded that defense counsel's failure to object to license plate testimony, investigate potential alibi witnesses, and seek admonition, did not constitute ineffective assistance of counsel. *Id.* at 5-9.

The Magistrate Judge correctly concluded that the Petition should be denied.

## II. Certificate of Appealability

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a Section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason could not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 22) is adopted in its entirety. The Petition for Writ of Habeas Corpus is DENIED. The certificate of appealability (ECF No. 30) is DENIED.

DATED: May 4, 2012

**WILLIAM Q. HAYES**
United States District Judge